**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

—————————————————————————
:
LALCHAND JAGHNAUGHT,                    :
                                        :   Civil Action No. 06-5727 (DMC)
              Petitioner,               :
                                        :
        v.                              :       **O P I N I O N**
                                        :
MICHAEL CHERTOFF, et al.,               :
                                        :
              Respondents.              :
—————————————————————————:


**APPEARANCES:**

       LALCHAND JAGHNAUGHT, Petitioner, Pro Se
       # 185464
       Hudson County Correctional Facility
       35 Hackensack Avenue
       Kearny, New Jersey 07032

**CAVANAUGH, District Judge**

       Petitioner, Lalchand Jaghnaught ("Jaghnaught"), is currently

being detained by the Department of Homeland Security ("DHS"),

Bureau of Immigration and Customs Enforcement ("BICE") at the

Hudson County Correctional Facility in Kearny, New Jersey,

pending his removal from the United States.[1]  On or about

———————————————

       [1] Effective March 1, 2003, the Immigration and
Naturalization Service ("INS") ceased to exist as an agency of
the Department of Justice, and its functions were transferred to
the Department of Homeland Security ("DHS").  See Homeland
Security Act of 2002, Pub. L. No. 107-296, 116 Stat. 2135 (Nov.
25, 2002).  The Bureau of Immigration and Customs Enforcement
("BICE") of the DHS is responsible for the interior investigation
and enforcement functions that formerly were performed by the
INS.

November 29, 2006, Jaghnaught filed this Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241, in which he challenges his mandatory detention pending removal proceedings as unconstitutional.  For the reasons stated below, this petition for habeas relief is subject to summary dismissal because mandatory detention pending completion of removal proceedings has been held constitutionally permissible.  See Demore v. Kim, 538 U.S. 510 (2003).

**BACKGROUND**

Jaghnaught is a native and citizen of Guyana who was admitted into the United States as lawful permanent resident in November 1981.  He admits that he has had a few criminal convictions, but contends that none of these convictions qualify as an aggravated felony.  He completed serving his prison term on his last criminal conviction on July 24, 2006.  At that time, he was transferred to the custody of the BICE pending removal proceedings.  Jaghnaught states that, on October 30, 2006, his application for cancellation of removal was denied and an Immigration Judge ordered Jaghnaught's removal from the United States.  Jaghnaught also alleges that he was denied release on bond pending removal.  He appealed the order of removal to the Board of Immigration Appeals.  (Petition, ¶¶ 9-13).

**DISCUSSION**

**A.    Standard of Review**

Jaghnaught seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2241(c)(3). That section states that the writ will not be extended to a prisoner unless "he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). Under 28 U.S.C. § 2243, "[a] court ... entertaining an application for a writ of habeas corpus shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto."

A pro se pleading is held to less stringent standards than more formal pleadings drafted by lawyers. See Estelle v. Gamble, 429 U.S. 97, 106 (1976); Haines v. Kerner, 404 U.S. 519, 520 (1972). A pro se habeas petition and any supporting submissions must be construed liberally and with a measure of tolerance. See Royce v. Hahn, 151 F.3d 116, 118 (3d Cir. 1998); Lewis v. Attorney General, 878 F.2d 714, 721-22 (3d Cir. 1989); United States v. Brierley, 414 F.2d 552, 555 (3d Cir. 1969), cert. denied, 399 U.S. 912 (1970).

**B.   Petitioner Is Not Entitled to Release from Detention**

Jaghnaught challenges his mandatory detention under 8 U.S.C. § 1226(c) on the ground that it violates his rights to

substantive and procedural due process.  The petition plainly states on its face that Jaghnaught's removal proceedings are not yet final pending Jaghnaught's administrative appeal before the BIA, filed sometime after October 30, 2006.

This Court concludes that the United States Supreme Court's holding in Demore v. Kim, 538 U.S. 510 (2003) forecloses Jaghnaught's constitutional challenge to his continued mandatory detention.

The custodial status of aliens who have committed crimes is governed by 8 U.S.C. § 1226 (INA § 236).  Section 1226(a) gives the Attorney General discretion to arrest and detain an alien pending removal proceedings and to release the alien on bond. Section 1226(b) gives the Attorney General discretion to revoke a bond or parole under § 1226(a).  By contrast, however, § 1226(c) requires that aliens with certain enumerated criminal convictions be detained pending removal proceedings.  In particular, § 1226(c) provides for the detention of criminal aliens who are "deportable by reason of having committed any offense covered in [8 U.S.C. § 1227(a)(2)(A)(ii), (A)(iii), (B), (C), or (D)]."  8 U.S.C. § 1226(c)(1)(B).

This Court finds that petitioner's detention is most closely governed by 8 U.S.C. § 1226(c)(1)(B), as a deportable alien convicted of an aggravated felony whose removal proceedings are

not yet final.[2]   The Supreme Court has held that the detention of an alien pursuant to the no-bail provision under § 1226(c) does not violate due process under the Fifth Amendment.  DeMore v. Kim, 538 U.S. 510 (2003).  The Supreme Court reaffirmed its "longstanding view that the Government may constitutionally detain deportable aliens during the limited period necessary for their removal proceedings."  Id., 538 U.S. at 526.  The Court concluded that the mandatory detention provision under § 1226(c) furthered the government's legitimate purpose of preventing aliens from fleeing before the removal proceedings are completed,[3] and that such detention would be limited to a finite

---

[2]   Under 8 U.S.C. § 1231, the government may detain an alien subject to a final order of removal.  Section 1231(a)(6) provides, in pertinent part:

An alien ordered removed [1] who is inadmissible ... [2] [or] removable [as a result of violations of status requirements or entry conditions, violations of criminal law, or reasons of security or foreign policy] or [3] who has been determined by the Attorney General to be a risk to the community or unlikely to comply with the order of removal, may be detained beyond the removal period and, if released, shall be subject to [certain] terms of supervision ... ."

Here, the Immigration Judge's order of removal is not yet final because it is on appeal to the BIA.  Thus, the Court finds the statutory detention provision under § 1231 inapplicable.

[3]   The Court also acknowledged that "in adopting § 1226(c), Congress had before it evidence suggesting that permitting discretionary release of aliens pending their removal hearings would lead to large numbers of deportable criminal aliens skipping their hearings and remaining at large in the United States unlawfully."  Kim, 538 U.S. at 528.

5

period of time generally needed for completion of removal proceedings.  Id. at 529-531.

The Supreme Court, however, did not set a temporal time limit on the detention of an alien pending removal proceedings, acknowledging that detention under § 1226(c) was typically short in duration.  Id. at 527-28 (distinguishing its decision in Zadvydas v. Davis, 533 U.S. 678 (2001) with respect to detention under § 1231, by emphasizing that detention under § 1226(c) had an obvious termination point and that such confinement was generally brief).

Moreover, while there may be legitimate concern that due process necessitates an individualized custody evaluation for aliens who have been in detention pending lengthy removal proceedings, the Government is not obligated under the Due Process Clause "to employ the least burdensome means to accomplish its goal" in "dealing with deportable aliens." Demore, 538 U.S. at 528.  In this case, there is no indication that Jaghnaught has been detained for a lengthy period of time, or that the removal proceedings were substantially delayed. Petitioner was placed in BICE custody on July 24, 2006, and removal proceedings commenced shortly thereafter.  An order of removal was issued only recently, on October 30, 2006, and petitioner filed an administrative appeal to the BIA at that time, a mere month ago.

Further, petitioner apparently requested a bond hearing for his release pending removal and it appears that he was determined to be ineligible for bond due to his convictions.  Accordingly, this Court finds that Jaghnaught has failed to state any violation of federal statutory or constitutional law respecting his detention pending removal from the United States.  Therefore, his petition seeking release from detention is denied at this time.

**CONCLUSION**

Based upon the foregoing, petitioner's claim for release from detention pending a final order of removal is denied.  An appropriate Order accompanies this Opinion.


   S/ Dennis M. Cavanaugh
DENNIS M. CAVANAUGH
United States District Judge


Dated:     12/4/06